**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN NANNI,<br>an individual, | )<br>)<br>) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | )<br>) | |
| HALAKOS COMMERCIAL<br>NEWPORT, LLC,<br>a Delaware Limited Liability Company, | )<br>)<br>)<br>) | |
| Defendant. | )<br>)<br>/ | |

**COMPLAINT**

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues HALAKOS COMMERCIAL NEWPORT, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4.      MR. NANNI is a qualified individual with a disability under the ADA.  MR. NANNI suffers from Post-Polio Syndrome.  MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

1

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, HALAKOS COMMERCIAL NEWPORT, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: generally located at 609 S Maryland Ave, Wilmington, DE 19804 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past two years, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or

denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992.  These barriers to access include, but are not limited to the following conditions which plaintiff personally observed and/or encountered at the Property:

A.      Plaintiff encountered an inaccessible parking space designated for disabled use near the Hayden Avenue side of Seasons Pizza due to a built-up curb ramp obstructing the access aisle of the space, excessive slopes within the space and its access aisle, pavement in disrepair and a lack of signage.  This forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall on the excessive slopes.

B.      Plaintiff encountered another inaccessible parking space designated for disabled use near the S. Maryland Avenue side of Seasons Pizza due to Defendant's failure to provide an adjacent access aisle for the space and faded paint markings on the ground.  This forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle, subjected him to nearby vehicles due to the lack of an access aisle, and increased his risk of a fall.

C.      Plaintiff encountered inaccessible sidewalk routes throughout the Property between tenant spaces due to steep running slopes of over 1:20 and a lack of handrails. Additionally, there are obstructions such as planters and trash bins near the Seasons Pizza entrance which obstruct the narrow sidewalk width and prevent Plaintiff from passing safely. This forced Mr. Nanni to utilize extra caution maneuvering throughout the Property and increased his risk of a fall.

D.      Plaintiff encountered an inaccessible curb ramp on the SW corner of Seasons Pizza due to excessive slopes, steep side flares, disrepair and because it

3

obstructs the ADA parking in the area (as noted in A above). These conditions prevented Mr. Nanni from safely using this ramp or the ADA parking nearby due to the dangerous slopes.

14. To date, these barriers and other violations of the ADA, which are readily achievable to remove, still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

4

B.      That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E.      That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: March 6, 2026

Respectfully Submitted,

By: */s/ Courtney Prinski*
        Courtney Prinski (#5432)
        Jacobs & Crumplar, P.A.
        Of Counsel
        10 Corporate Circle, Suite 301
        New Castle, DE 19720
        Tel.: (302) 656-5445
        Fax: (302) 656-5875
        E-Mail: CourtneyP@jcdelaw.com

        -and-

        KU & MUSSMAN, P.A.
        18501 Pines Blvd, Suite 209-A
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976

5